Caroline R. Guest, OSB No. 943280
caroline.guest@ogletreedeakins.com
Kathryn P. Roberts, OSB No. 064854
kathryn.roberts@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:  503.552.2140
Fax:              503.224.4518

Attorneys for Defendant TUALATIN HILLS SWIM CLUB, INC.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| LINCK BERGEN,<br><br>        Plaintiff,<br><br>    v.<br><br>TUALATIN HILLS SWIM CLUB, INC.,<br>an Oregon Corporation,<br><br>        Defendant. | Case No.: 3:16-cv-00052<br><br>(Washington County Case No. C155499CV)<br><br>**NOTICE OF REMOVAL**<br><br>**(Federal Question)** |

TO:       The Judges and Clerk of the United States District Court for the District of Oregon

AND TO:  Fred W. Anderson, Attorney for Plaintiff

**PLEASE TAKE NOTICE THAT** pursuant to Title 28 of the United States Code, sections 1441 and 1446, defendant Tualatin Hills Swim Club, Inc. ("THSC"), hereby removes to this Court the above-captioned civil action filed and currently pending in the Circuit Court for the County of Washington, entitled *Linck Bergen v. Tualatin Hills Swim Club, Inc.*, Case No. C155499CV (hereafter "the state court action").  The case is being removed to this Court based on federal question jurisdiction.  As grounds for removal, THSC states as follows:

1 - NOTICE OF REMOVAL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

1.  This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). THSC is the sole defendant. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

2.  On or about December 11, 2015, Linck Bergen ("plaintiff") filed an initial Complaint ("Initial Complaint") in a state court action in Washington County Circuit Court, but never served the Initial Complaint on THSC. A true copy of the Initial Complaint is attached hereto as Exhibit 1 to Declaration of Caroline R. Guest (hereafter "Guest Declaration").

3.  On or about December 16, 2015, plaintiff filed his First Amended Complaint in the state court action in Washington County Circuit Court.

4.  On December 28, 2015, plaintiff served THSC with a summons and copy of the First Amended Complaint. Because plaintiff did not serve his Initial Complaint on THSC, the First Amended Complaint operates as the initial pleading for purposes of removal. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a notice of removal must be filed within 30 days after a defendant receives, by service or otherwise, the initial pleading.

5.  A true copy of the Summons and First Amended Complaint are attached hereto as Exhibit 2 to Declaration of Caroline R. Guest (hereafter "Guest Declaration").

6.  At all relevant times, THSC has been and is now an Oregon corporation with its principal place of business in Oregon.

7.  Plaintiff was at all relevant times through the termination of his employment an employee of THSC.

8.  No further proceedings have been held in Washington County Circuit Court. A true copy of the docket printout from the state court action is attached hereto as Exhibit 3 to the Guest Declaration.

2 - NOTICE OF REMOVAL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

9. In his First Amended Complaint, plaintiff alleges five causes of action: (1) breach of an employment contract between plaintiff and THSC; (2) breach of the covenant of good faith and fair dealing; (3) disability discrimination under ORS 659A.100; (4) intentional interference with economic relations; and (5) failure to pay wages upon termination, including alleged unpaid retirement plan contributions, and for penalty wages under ORS 652.140 and ORS 652.150.

10. Plaintiff attached to his First Amended Complaint the employment agreement between himself and THSC ("Employment Agreement"). Accordingly, this document shall be considered part of the First Amended Complaint for all purposes. *See* FRCP 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Employment Agreement specifically references THSC's retirement plan ("Plan"), in that it refers to payments required to be made by THSC into "a retirement (403/b) fund under Linck Bergen's name." *See* Guest Declaration, Exhibit 2 at 9.

11. In his First Amended Complaint, plaintiff alleges that on April 28, 2015, his counsel sent a demand letter to THSC for allegedly unpaid wages ("Demand Letter"). *See* Guest Declaration Exhibit 2 at 7, ¶ 34. A copy of the Demand Letter is attached hereto as Exhibit 4 to the Guest Declaration.

12. The Demand Letter, referenced in the First Amended Complaint, alleges that "as of the date of his termination, THSC was indebted to Mr. Bergen in the amount of $7,200 in retirement benefits not paid for 2013 and 2014." *See* Guest Declaration, Exhibit 4 at 3. The Court may consider this document because its contents are alleged in the First Amended Complaint and are not disputed by any party. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (the "incorporate by reference" doctrine "permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." (internal quotation marks omitted)). In other words, plaintiff's First Amended Complaint, and in particular his wage claim, seeks alleged unpaid retirement contributions to which he was entitled under the Plan.

13.     The Plan administered by THSC is governed by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*  A copy of the Plan is attached hereto as Exhibit 5 to the Guest Declaration.  The Plan is explicitly governed by ERISA and its implementing regulations.  *See* Guest Declaration, Exhibit 5 (calling for electronic notification of claims under ERISA regulations and referring to civil actions to enforce rights under ERISA).

14.     The United States District Court has original jurisdiction of this action under U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).  Plaintiff's wage claim invokes this Court's original jurisdiction because it is "founded upon a claim or right arising under . . . the laws of the United States."  28 U.S.C. § 1441(b).  ERISA expressly vests the District Courts of the United States with original jurisdiction over civil actions which relate to ERISA-regulated plans.  29 U.S.C. §1132(e).

15.     As this action is a suit arising under an act of Congress over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, it may be removed to this Court under the provisions of 28 U.S.C. § 1441(a).

16.     Removal is proper as to causes of action pleaded solely as state law claims, even if there is no reference to ERISA on the face of the complaint.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) (holding that state law claims are preempted by ERISA where "[t]here is no dispute that the common law causes of action asserted in [the plaintiff]'s complaint 'relate to' an employee benefit plan and therefore fall under ERISA's express pre-emption clause, [section 1144(a)].").

17.     Complete preemption is an exception to the "well-pleaded complaint" rule generally governing removal of matters on federal question grounds.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (the well-pleaded complaint rule does not apply where "a federal statute wholly displaces the state-law cause of action through complete preemption[.]" (citation and quotation marks omitted)).  ERISA completely preempts state law regulation of

4 - NOTICE OF REMOVAL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

employee benefit plans and, accordingly, preempts any state law cause of action that falls within its scope. *Id*. at 207-208.

18. Plaintiff's wage claim, particularly his allegation that THSC failed to pay retirement benefits owed under the Employment Agreement and pursuant to the Plan, falls squarely within the scope of ERISA. *See* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."). When a plaintiff's claim falls within the scope of ERISA and the plaintiff has standing to sue under ERISA, the claim is completely preempted by that statute. *Id*. at 210. Plaintiff's First Amended Complaint, though premised upon state law claims, is related to and necessarily dependent on the ERISA-regulated plan and is thus completely preempted by ERISA.

19. Moreover, plaintiff is the proper party to enforce his rights under ERISA. As alleged in the First Amended Complaint, plaintiff was the beneficiary of an ERISA-regulated benefit plan and may therefore bring a civil action to recover benefits due under the Plan. 29 U.S.C. 1132(a)(1)(B).

20. This matter is therefore removable from state court to federal court pursuant to 28 U.S.C. § 1441(a) because the First Amended Complaint states claims that are completely preempted by the exclusive enforcement mechanisms set forth in ERISA. *See* 29 U.S.C. § 1144(a) ("the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" under ERISA).

21. This Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy as the federal claim.

22. Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removal of the above-captioned state court action to this Court is appropriate.

5 - NOTICE OF REMOVAL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

23. THSC has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by filing this Notice of Removal.

24. Written notice of the filing of this Notice of Removal is being simultaneously given to all parties who have appeared in this action. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal with all exhibits will be promptly filed with the Clerk of the state court in which the action was originally filed.

Dated: January 13, 2016

                                         **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

                                         By:   s/ Caroline Guest
                                                  Caroline R. Guest, OSB No. 943280
                                                  caroline.guest@ogletreedeakins.com
                                                  Kathryn P. Roberts, OSB No. 064854
                                                  kathryn.roberts@ogletreedeakins.com
                                                  503.552.2140
                                                  Attorneys for Defendant TUALATIN HILLS SWIM CLUB, INC.

6 - NOTICE OF REMOVAL

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

## CERTIFICATE OF SERVICE

I hereby certify that on January 13 2016, I served the foregoing **NOTICE OF REMOVAL** on:

    **Fred W. Anderson**
    **Anderson & Anderson**
    **347 SW Oak Street**
    **Hillsboro, OR  97123**
    **Phone: 503-640-5400**
    **Fax: 503-640-3393**
    **Email: fwa@aalawpdx.com**
        **Of attorneys for plaintiff**

- ■ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

- ☐ by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

- ■ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed above. It was contained in a sealed envelope and addressed as stated above.

- ☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed above. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

- ☐ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

    **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

    By:   <u>s/ Riki Johnson</u>
           Riki A. Johnson
           riki.johnson@ogletreedeakins.com

23455813.1
040177.000001

Page 7 – CERTIFICATE OF SERVICE    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518