IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINCK BERGEN,

          Plaintiff/
          Counter Defendant,

    v.

TUALATIN HILLS SWIM CLUB, INC.,

          Defendant/
          Counter Claimant.

No. 3:16-cv-00052-HZ

OPINION & ORDER

Fred W. Anderson
Anderson & Anderson
330 NE Lincoln
Hillsboro, OR 97124

    Attorney for Plaintiff

Caroline R. Guest
Kathryn P. Roberts
Ogletree Deakins Nash Smoak & Stewart P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Linck Bergen filed a lawsuit against Defendant Tualatin Hills Swim Club, Inc., in Washington County Circuit Court. Defendant removed the case to federal court on January 13, 2016. Currently before the Court is Plaintiff's motion to remand the case back to state court and request for attorney's fees. Because this Court lacks jurisdiction over this case, Plaintiff's motion to remand is granted. The Court defers resolution of the attorney's fees request until the parties submit further briefing on that issue.

## BACKGROUND

Plaintiff, a former employee of Defendant, filed a First Amended Complaint ("Complaint") in Washington County Circuit Court on December 16, 2015, alleging five causes of action stemming from the termination of his employment. Guest Decl. Supp. Removal Ex. 2, at 8, ECF 2-1. Plaintiff brought claims under the following headings: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) disability/perceived disability discrimination—ORS 659A.100; (4) intentional interference with economic relations; and (5) failure to pay wages on termination/penalty wages—ORS 652.140 & 652.150. Id. at 8-14. At issue in this motion to remand is Plaintiff's fifth claim for "failure to pay wages on termination/penalty wages."

Plaintiff's Complaint contends that he entered into a contract to work for Defendant from September 1, 2012 to August 31, 2016. Id. ¶ 4. Plaintiff attached to his Complaint the Tualatin Hills Swim Club Employment Agreement ("Employment Agreement") that was entered into by the parties in 2012. Id. at 15. The Employment Agreement provides that, in addition to Plaintiff's salary compensation, Plaintiff will receive $6,000 (in four $1500 installments), "to be paid into a retirement (403/b) fund" in his name." Id.

Plaintiff alleges that Defendant breached the contract when it terminated him on December 15, 2014. Id. ¶ 6. In addition, Plaintiff alleges that Defendant failed to pay him "all wages due and owing" by the end of the first business day after his discharge. Id. ¶ 33. On April 28, 2015, Plaintiff's representative "sent a written demand for payment of outstanding wages in accordance with ORS 652.150," yet Defendant refused to pay the wages due. Id. ¶ 34. The demand letter[1] includes a section titled "Wage Claims," in which Plaintiff states that the "wages" he is due include unpaid retirement benefits for 2013 and 2014. Guest Decl. Supp. Notice Removal Ex. 4, at 3, ECF 2-1.

## STANDARDS

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a); Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004). The removal statute is strictly construed against removal jurisdiction, and the burden of establishing such jurisdiction falls to the party seeking removal. U.S. Bank Nat. Ass'n v. Azam, 582 F. App'x 710, 711 (9th Cir. 2014) cert. denied, 135 S. Ct. 1710 (2015) (citing California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.) opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004)).

"A motion to remand is the proper procedure for challenging removal." Moore Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over the removed action, the case must be remanded to state court. Id.

---

[1] Plaintiff did not attach a copy of this demand letter to the Complaint, but Defendant includes it as an attachment to its Notice of Removal. Guest Decl. Supp. Notice Removal Ex. 4, ECF 2-1.

3 – OPINION & ORDER

**DISCUSSION**

**I.      Remand**

Plaintiff moves to remand this case to state court, arguing that this Court lacks jurisdiction. According to Plaintiff, the Complaint makes clear that Plaintiff seeks damages under Oregon law and does not present a federal question.[2] In contrast, Defendant argues that Plaintiff's fifth claim for "failure to pay wages on termination/penalty wages" presents a federal question. According to Defendant, Plaintiff's unpaid wage claim encompasses a claim for retirement benefits from a 403(b) retirement plan, and is therefore preempted by the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (ERISA). Defendant's argument fails for several reasons.

Generally, in determining the presence or absence of federal jurisdiction, the Court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" California ex rel. Lockyer, 375 F.3d at 838 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Id. (citing Gully v. First Nat. Bank, 299 U.S. 109, 113 (1936) (noting that the federal controversy cannot be "merely a possible or conjectural one")). "Thus the rule enables the plaintiff, as 'master of the complaint,' to 'choose to have the cause heard in state court' 'by eschewing claims based on federal law.'" Id. (quoting Caterpillar, 482 U.S. at 399).

There is an exception, however, to the well-pleaded complaint rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete preemption," the state

---

[2] One category of cases in which district courts have original jurisdiction is "[f]ederal question" cases: cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4 – OPINION & ORDER

claim can be removed. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Id.

The Supreme Court has held that Section 502(a) of ERISA is one of these few statutes that completely preempts the field so as to provide jurisdiction under § 1331. Metro. Life Ins., Co. v. Taylor, 481 U.S. 58, 63-64 (1987); Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009). While "[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit," id. at 63, Congress "clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." Id. at 66. Thus, the ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power," Davila, 542 U.S. at 209, that even if a complaint alleges only state-law claims, if those claims are entirely encompassed by § 502(a), the complaint is converted from "an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Marin, 581 F.3d at 945 (quoting Metro. Life, 481 U.S. at 65–66).

Defendant argues that the demand letter written by Plaintiff's attorney in April of 2015 reveals that Plaintiff's claim for "failure to pay wages on termination/penalty wages" included a claim for unpaid retirement benefits from 2013 and 2014. Defendant contends that this Court may look beyond the Complaint to determine whether a federal claim exists because ERISA's statutory scheme is exempted from the "well-pleaded complaint rule." Def.'s Resp. 7 (quoting Davila, 542 U.S. at 207-08). However, even assuming that Defendant is correct that this Court should consider the demand letter, the letter's contents are squarely refuted by evidence of

5 – OPINION & ORDER

follow-up communications between the parties. Plaintiff submits a letter from Defendant's attorney from May of 2015, which shows that the retirement benefits from 2013 and 2014 were paid by Defendant to Plaintiff's account. Anderson Decl. Supp. Reply Ex. 1, at 17, ECF 17-1. Plaintiff's attorney further submits a declaration attesting to the fact that, after he received the letter showing that Plaintiff had received all retirement benefits due to him, Plaintiff's attorney acknowledged that Plaintiff no longer has a basis for seeking retirement benefit payments. Anderson Decl. Supp. Reply 2, ECF 17. Plaintiff's attorney declares that he clarified in a telephone conversation with Defendant's attorney on January 14, 2016 that Plaintiff is not in fact seeking any payments from retirement benefits. Id.

Even more importantly, nowhere in the Complaint does Plaintiff state a claim for retirement benefits. Plaintiff's fifth claim states that Defendant failed to pay wages upon termination and is now liable for those wages as well as penalty wages.[3] The statutes that Plaintiff cites, ORS 652.140 and 652.150, address payment of wages. While Defendant argues that Oregon courts construe "wages" under the wage and hour statutes to include retirement benefits, Defendant also acknowledges that this argument only prevails "to the extent plaintiff believes that accrued retirement benefits are due and owing under the contract." Def.'s Resp. 6. As discussed above, Plaintiff's attorney declares that Plaintiff no longer believes that any retirement benefits are due. Anderson Decl. Supp. Reply 2.

Defendant also contends that, despite the plain language of the Complaint and the declaration of Plaintiff's attorney, this Court should conclude that Plaintiff's claim for wages includes a claim for retirement benefits because the Employment Agreement contains a provision

---

[3] Defendant's Notice of Removal states that Plaintiff's Complaint alleges a cause of action based on "failure to pay wages upon termination, including alleged unpaid retirement plan contributions, and for penalty wages under ORS 652.140 and ORS 652.150." Notice of Removal 3, ECF 1. This is simply not true. The Complaint does not mention alleged unpaid retirement plan contributions.

regarding ERISA-regulated benefits and Plaintiff attached the Employment Agreement to the Complaint. This argument is also unavailing. The Employment Agreement contains many terms and conditions of employment; however, only some of these are at issue in Plaintiff's Complaint. The mere inclusion of the entire Employment Agreement as an attachment does not negate the fact that Plaintiff brings five specific and discreet claims, which are stated in the Complaint and do not include a claim for retirement benefits.

Finally, even if Defendant is correct that Plaintiff seeks payment for unpaid retirement benefits from 2013 and 2014, Plaintiff's Complaint is still not preempted by ERISA. In order to demonstrate that a plaintiff's state law claim is preempted by ERISA, the defendant asserting federal subject-matter jurisdiction must demonstrate that the claim satisfies the test set forth in Aetna Health Inc. v. Davila, 542 U.S. 200 (2004). The Supreme Court held that a claim was preempted (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions...." Id. at 210. The two-prong test is conjunctive, in that a state law cause of action is only preempted if both prongs are satisfied. Marin, 581 F.3d at 947.

Here, neither prong is satisfied. Unlike Davila, Plaintiff does not allege that he has been denied a benefit promised to him under the terms of his ERISA-regulated plan. Nor is he seeking to enforce his rights under the plan, or clarify any of his rights or future benefits under the plan. Instead, Plaintiff alleges that, pursuant to Oregon Revised Statute § (O.R.S.) 652.150, he is entitled to 30 days penalty wages due to Defendant's failure to pay him all wages due and owing by the end of the first business day after his discharge, in violation of O.R.S 652.140.[4] Any duty

---

[4] Or. Rev. Stat. § (O.R.S.) 652.140 provides that "[w]hen an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge

7 – OPINION & ORDER

or liability that Defendant had to pay Plaintiff wages upon his termination does not exist because of Defendant's administration of an ERISA-regulated plan, even if those "wages" include retirement benefits. Rather, Defendant's alleged duties or liabilities arise independently from Oregon state law.

At most, Plaintiff's attorney referred to ERISA-governed benefits to which Plaintiff was entitled in the written demand letter in order to articulate and quantify damages. However, this is an insufficient basis upon which to find complete preemption. In other words, nothing in the record suggests that Plaintiff could have proceeded under ERISA or that an ERISA-governed plan may grant what Plaintiff is asking for—past wages due and penalty wages, pursuant to Oregon state law obligations. Thus, the Court finds that neither prong of the Supreme Court's Davila analysis has been satisfied. Defendant fails to meet its burden to establish federal jurisdiction.

**II.    Attorney's Fees**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests that the Court award reasonable attorney's fees and costs "incurred as a result of the removal." "[T]he standard for awarding fees [upon proof of a motion to remand] should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). As the Supreme Court explained, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id.

Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful. Lussier v. Dollar Tree Stores, Inc., 518

---

or termination." O.R.S. 652.150 outlines an employee's entitlement to a "penalty wage" if the employer willfully fails to comply with O.R.S. 652.140.

F.3d 1062, 1065 (9th Cir. 2008). Rather, the court should assess "whether the relevant case law clearly foreclosed the defendant's basis of removal" by examining the "clarity of the law at the time of removal." Id. at 1066; see also Patel v. Del Taco, Inc., 446 F.3d 996, 999–1000 (9th Cir. 2006) (suggesting that a frivolous basis for removal justifies an award of fees). In Martin, the Supreme Court explained:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when statutory criteria are satisfied.

Martin, 546 U.S. at 140.

The Court approves an award to Plaintiff of reasonable attorney's fees because Defendant lacked an objectively reasonable basis for removal, no unusual circumstances were present at the time of removal, and an award of attorney's fees in this case is consistent with the goals of the removal statute. As discussed above, even if Plaintiff brought a claim for unpaid retirement benefits, which he does not, such a claim would not lead to the complete preemption of this case by ERISA. Defendant offers no basis for opposing an attorney's fee award other than the arguments already raised and rejected by this Court in assessing the merits of Plaintiff's motion to remand.

However, as to the amount of attorney's fees, Plaintiff's request and accompanying declaration of counsel lack sufficient detail for this Court to assess the reasonableness of the fees requested or for Defendant to be afforded a full and fair opportunity to dispute the request. Accordingly, if Plaintiff wishes to pursue his request for attorney's fees, he must submit an itemized statement of reasonable attorney's fees and costs incurred as a result of the removal and remand proceedings, including any basis for this Court to deviate from the hourly rates set forth in the Oregon State Bar Economic Survey. See Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263

(9th Cir. 1987) (The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.).

## CONCLUSION

The Court grants Plaintiff's Motion to Remand [9]. Taking into account Plaintiff's Notice of Unavailability [15], Plaintiff is granted until March 30, 2016 to submit additional documentation in support of his request for attorney's fees. Defendant is granted 10 days thereafter to respond if it disputes the amount claimed by Plaintiff.

IT IS SO ORDERED.

Dated this \_\_16\_\_ day of \_\_March\_\_, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge