IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINCK BERGEN,

        Plaintiff/
        Counter Defendant,

   v.

TUALATIN HILLS SWIM CLUB, INC.,

        Defendant/
        Counter Claimant.

No. 3:16-cv-00052-HZ

OPINION & ORDER

Fred W. Anderson
Anderson & Anderson
330 NE Lincoln
Hillsboro, OR 97124

     Attorney for Plaintiff

Caroline R. Guest
Kathryn P. Roberts
Ogletree Deakins Nash Smoak & Stewart P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201

     Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Linck Bergen filed claims against Defendant Tualatin Hills Swim Club, Inc., in Washington County Circuit Court. Defendant removed the case to federal court, arguing that the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (ERISA), preempted the state law claims. In an opinion dated March 16, 2016, this Court remanded the case to state court for lack of federal jurisdiction, deferring resolution of Plaintiff's request for attorney's fees pending the parties' submission of further briefing on the issue.

Pursuant to 28 U.S.C. § 1447(c), Plaintiff now moves for attorney's fees of $9,320 in connection with removal and remand. For the reasons discussed below, Plaintiff's request for attorney's fees is granted in part and denied in part.

## STANDARDS

**1.    Attorney's Fees on Remand**

The question of whether to grant attorney's fees on remand to state court "should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008); see also Patel v. Del Taco, Inc., 446 F.3d 996, 999–1000 (9th Cir. 2006) (suggesting that a frivolous basis for removal justifies an award of attorney's fees).

## 2. Attorney's Fees Generally

The lodestar method, which requires multiplying a reasonable hourly rate by the number of hours reasonably expended on the case, is the starting point for the calculation of attorney's fees. Shirrod v. Dir., Office of Workers' Comp. Programs, 809 F.3d 1082, 1086 (9th Cir. 2015). The lodestar method seeks to "produce an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Id.

To calculate the lodestar, the court first multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Staton v. Boeing Co., 327 F.3d 938, 969 (9th Cir. 2003). Then, if circumstances warrant, the court adjusts the lodestar to account for the Kerr factors not subsumed within the initial lodestar calculation.[1] Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, it should only be enhanced in "rare and exceptional cases." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). While it is not necessary to detail every numerical calculation, and across-the-board percentage adjustments are permissible, the court must provide "enough of an explanation to allow for meaningful review of the fee award." Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001).

//

//

---

[1] Factors subsumed within the lodestar include the novelty and complexity of the issues, special skill and experience of counsel, quality of the representation, results obtained, and the superior performance of counsel. D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990).

3 – OPINION & ORDER

## DISCUSSION

**1.    Removal Not Objectively Reasonable**

As an initial matter, the Court found, in its decision remanding the case back to state court, that removal was not objectively reasonable, and thus, Plaintiff was entitled to reasonable attorney's fees.  Defendant contends that the Court's award of attorney's fees was improper because removal was not objectively unreasonable.  Def.'s Resp. 3, ECF No. 21.  However, Defendant brings no new evidence or argument to support this contention.

As the Court stated in its decision, Defendant's argument that ERISA preempted Plaintiff's state law claims, even if Plaintiff sought unpaid retirement benefits, was objectively unreasonable because such preemption is foreclosed by law.  See Aetna Health v. Davila, 542 U.S. 200, 210 (2004) (holding that a state law claim is preempted by ERISA only when an individual could have brought the claim under ERISA § 502(a)(1)(B) and "there is no other independent legal duty that is implicated by a defendant's actions….").  Davila's two-prong test is conjunctive, so both prongs must be satisfied for a state law claim to be preempted.  Marin General Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 947 (9th Cir. 2009).

As discussed in the Court's order remanding the case, Plaintiff's claim did not satisfy either of the Davila test's prongs.  Defendant's removal of the case was objectively unreasonable in the light of the Supreme Court's Davila test and the Ninth Circuit's conjunctive approach to the test.  Therefore, Plaintiff is entitled to reasonable attorney's fees.

**2.    Attorney's Fees**

    **A.    Hours Reasonably Expended**

The burden is on the fee claimant to demonstrate that the number of hours spent on the case was "reasonably necessary" to the litigation and that counsel made a "good faith effort" to

exclude hours that were "excessive, redundant, or otherwise unnecessary[.]" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); see also Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989) (fee claimant "bear[s] the burden of showing the time spent and that it was reasonably necessary" to the successful litigation of its claims).

Plaintiff initially sought reimbursement for 23.3 hours spent in the course of the removal and remand proceedings. However, Plaintiff later reduced the number of hours to 22.3, having erroneously included one hour of clerical work in the previous total. Anderson Decl. ¶ 2, ECF No. 20; Pl.'s Reply 3, ECF No. 23.

Plaintiff further requests reimbursement for 4.6 hours spent preparing his reply to Defendant's response to the request for attorney's fees. Anderson Decl. ¶ 4. However, the Court only authorized additional documentation from Plaintiff and a response from Defendant regarding Plaintiff's previously filed motion for attorney's fees. See Bergen v. Tualatin Hills Swim Club, Inc., No. 3:16-CV-00052-HZ, at 10 (D. Or. March 16, 2016) (granting Plaintiff time to submit additional documentation and Defendant time to respond). While the Court accepted Plaintiff's reply, it was neither authorized nor necessary. See Anderson Decl., ECF 27 (acknowledging that Plaintiff was not authorized to file a reply but asking the Court to accept the filing). Therefore, the Court declines to award Plaintiff fees for the time spent on its preparation.

Defendant argues that Plaintiff spent an unreasonable amount of time, 0.6 of an hour, preparing a certificate of compliance. Defendant argues that the preparation of the certificate of compliance is clerical work and, therefore, not reimbursable. See Strand v. Automotive Machinists Pension Trust, No. 06-1193-PK, 2007 WL 2029068, at *5 (D. Or. July 11, 2007) ("Costs associated with clerical tasks are typically considered overhead expenses reflected in the hourly billing rate, and are not properly reimbursable.") (citing Missouri v. Jenkins, 491 U.S.

5 – OPINION & ORDER

274, 288 n. 10 (1989)).  In the alternative, Defendant asserts that 0.6 of an hour is an excessive amount of time to spend on the certificate of compliance, and that 0.3 of an hour would be a reasonable period of time.

In Strand, the court noted that examples of clerical tasks include handling filing confirmation, receiving emailed court notices, and keeping track of docketing deadlines.  2007 WL 2029068, at *5.  The Court finds that, unlike tasks such as these, preparing a certificate of compliance is not clerical in nature.  Preparing such a certificate involves reading and potentially interpreting the Local Rules of Civil Procedure.  It is legal work, albeit exceedingly simple legal work.  While the local rules governing word-count are simple to understand and apply, reading them and certifying compliance does not qualify as a clerical task.

Plaintiff's counsel claims to have spent 0.6 of an hour, or 36 minutes, preparing the certificate of compliance.  The Court finds that this amount of time is excessive.  The heading containing the attorney's information and the court and case information is virtually identical to that containing this same information on the first page of Plaintiff's memorandum in support of remand.  The short paragraph that follows contains a simple statement that certifies the brief's compliance with several Local Rules governing word-count requirements.  As Plaintiff's counsel points out, he is an attorney with forty-six years of experience, so he should be very familiar with such certificates of compliance.  Therefore, the Court reduces the time spent on this simple piece of work to 0.3 of an hour.

Accordingly, 22 hours is a reasonably necessary amount of time for Plaintiff's attorney to have spent on this litigation.

B.  **Reasonable Hourly Rate**

In deciding the reasonable hourly rate, a court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). The fee claimant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. Id.

Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a guidepost for assessing the reasonableness of hourly rates. Shirrod, 809 F.3d at 1089 (citing D. Or. Civ. R. 54–3(a)); see also Roberts v. Interstate Distrib. Co., 242 F. Supp. 2d 850, 857 (D. Or. 2002) (District of Oregon uses the OSB Economic Survey as an initial benchmark in determining reasonable hourly rates and attorneys should "provide ample justification" for deviating from the Survey rates). The most recent OSB Economic Survey was published in 2012.[2]

Plaintiff's counsel requests an hourly rate of $400, asserting that this is reasonable because he has been an attorney for forty-six years, is admitted to practice law in multiple jurisdictions, and has two published California appellate court decisions, as well as one Supreme Court decision. Anderson Decl. ¶ 3. He further asserts that this hourly rate is consistent with the OSB Economic Survey. Id. at ¶ 4.

Defendant argues that a $400 hourly rate is unreasonably high, given Plaintiff's attorney's geographical location, Washington County, and practice area. Def.'s Resp. 5. Defendant points out that Plaintiff's attorney's practice area appears to be "Criminal–Private

---

[2] The OSB Economic Survey is available at https://www.osbar.org/_docs/resources/econsurveys/12economicsurvey.pdf.

7 – OPINION & ORDER

Bar," based on the description of his practice on his law firm's website. Id.; Roberts Declaration, Ex. 3, ECF 22. Defendant contends that, because this case was civil, Plaintiff's attorney would be unlikely to command the top rate for such a case, as his area of practice is criminal in nature. Thus, Defendant argues that the appropriate rate is $259 per hour, the average hourly rate for all attorneys, regardless of practice area, with over 30 years of experience in the Tri-County area. Id. at 5–6; OSB Economic Survey 30.

Plaintiff's attorney has been practicing for forty-six years and has a significant amount of experience. He is admitted in multiple jurisdictions, including the Supreme Court. Even though this case may be outside of his practice area, it is unlikely that he would only receive the average rate for an attorney with over 30 years of experience in the Tri-County area. Accordingly, it is reasonable to place him in the 95th percentile of all attorneys practicing in the Tri-County region, which would give him a $375 hourly rate. Id. at 30. The Court adjusts this rate for inflation, from 2012 to 2016, using the United States Department of Labor's CPI Inflation Calculator (available at http://www.bls.gov/data/inflation_calculator.htm). Therefore, the Court finds that a reasonable hourly rate for Plaintiff's attorney is $388.95.

### C.    The Lodestar

In sum, the Court awards an hourly rate of $388.95 for Plaintiff's attorney's 22 hours of work on the removal and remand of this case, totaling $8,556.90.

//

//

8 – OPINION & ORDER

## CONCLUSION

Plaintiff's request for attorney's fees [9] is granted in part. Plaintiff is awarded $8,556.90 in attorney's fees.

IT IS SO ORDERED.

Dated this \_\_\_11\_\_\_ day of \_\_\_May\_\_\_, 2016.

MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER